Guy TALLENT, Movant,

v.

MOBILE HOME ESTATES, INC., Respondent.

Supreme Court of Kentucky.

April 20, 1983.

James M. Frazer, Frazer & Jones, Monticello, for movant.

David C. Hull, Phillips, Phillips & Hull, Monticello, James Arthur Hutton, Newcomer, Shaffer, Geesey & Hutton, Bryan, Ohio, for respondent.

STEPHENS, Chief Justice.

Respondent Mobile Home Estates, Inc., appeals from a jury verdict awarding movant Guy Tallent $12,231.00, the purchase price of a mobile home, and $2,000 attorney's fee. The Court of Appeals reversed the jury verdict on the basis that Tallent had failed to prove under the Mobile Home Sales Act, KRS 367.710 et seq., what or who caused the defect in the mobile home. Upon motion by movant, we granted discretionary review and we now reverse the Court of Appeals.

Movant purchased a new mobile home manufactured by respondent from a dealer, G & M Mobile Homes, Inc., for $12,231.00. The mobile home was delivered and set up on a lot provided by Tallent.

Almost immediately, movant began having trouble with the mobile home. His primary trouble was the occurrence of violent vibrations of the walls whenever a person walked down the hall or pushed on the outside of the mobile home. These vibrations were of such magnitude as to shake pictures and other objects hung on the walls, as well as to cause a vibrating sensation to anyone sitting in a chair.

The mobile home was examined by the dealer, his service manager, a representative of the manufacturer, and by an inspector of the State Fire Marshall's Office. All parties admitted to the existence of the vibrations but were unable to determine the cause of the vibrations.

The service man for the dealer suggested that another course of concrete blocks around the foundation would eliminate the trouble. However, the addition of said blocks failed to correct the condition.

Movant resorted to the Mobile Home Sales Act and served respondent, the manufacturer, notice of nonmerchantability as required by KRS 367.725 and thereafter, filed an action against the manufacturer pursuant to KRS 367.750.

On appeal, the Court of Appeals opined that reversal was required because movant had failed to show the cause of the defect as required by KRS 367.710 et seq., and had failed to rebut respondent's theory that the condition was caused by improper "setting up" which was the responsibility of the dealer not that of respondent. We disagree that KRS 367.710 et seq. requires the complainant, herein movant, to prove the cause of the defect or that reversal is required because movant failed to rebut respondent's theory of causation. The Court of Appeals judgment is, therefore, reversed.

The consumer protection statutes applicable to mobile home sales do not require the complainant to prove the cause of the defect. Rather, they create a presumption of nonmerchantability if certain criteria are met:

Any mobile home that, within the first twelve months (12) after delivery to the owner has a defect which cost the owner at least four percent (4%) of the purchase price to repair and which requires repair or replacement on three separate occasions, shall be presumed to be nonmerchantable. KRS 367.715.

However, the presumption of nonmerchantability may be rebutted:

The presumption of nonmerchantability of a mobile home as provided in KRS

367.715 may be rebutted by evidence that the defect was caused by the owner or occupant or other third party, by an accident or by some act or condition beyond the control of the manufacturer, wholesaler, or dealer. KRS 367.720.

The Mobile Home Sales Act defines defect as:

... a defective part or material installed, or improper workmanship performed, by a manufacturer, wholesaler, or dealer which poses an imminent danger to the owner's or occupant's health or safety or to the right of occupancy and which would cost the owner more than four (4%) of the purchase price to repair or replace. KRS 367.710(7).

A clear reading of the Mobile Home Sales Act, KRS 367.710 et seq., discloses that it is incumbent upon the complainant to first prove the existence of "a defect" KRS 367.-715. The burden of going forward with the proof is then shifted to the manufacturer who is then required to prove there exists no defect or that the defective condition is the fault of the owner or of a third party. KRS 367.720.

Tallent was entitled to the presumption of nonmerchantability because he established that the magnitude and frequency of the violent vibrations in the mobile home amounted to a defect within the meaning of the Mobile Home Sales Act. KRS 367.-710(7), 715. As a result, respondent was then charged with the burden of rebutting the presumption of nonmerchantability. Respondent attempted to do so by proving the vibrations were the result of an improper foundation or "set up" by the dealer, G & M Mobile Homes, Inc.

The respondent's theory of causation together with the presumption of nonmerchantability were submitted to the jury. The jury's verdict found that the cause of the vibration was not the result of the dealer's improper foundation and therefore, respondent had failed to rebut the presumption of nonmerchantability. Consequently, respondent is liable under the Mobile Home Sales Act for the cost of the mobile home and a reasonable attorney's fee. KRS 367.-750.

We further disagree with the Court of Appeals opinion that the legislature allows an action to be brought under the Mobile Home Sales Act against one of three parties (manufacturer, dealer, wholesaler) or against all three. Rather, the legislation allows an action to recover the purchase price and a reasonable attorney's fee from only the manufacturer. KRS 367.750.

For these reasons, the judgment of the Court of Appeals is reversed and the trial court's judgment is affirmed.

All concur, except GANT, J., not sitting.